22006

The STATE, Respondent, v. Kenneth KIRVEN, Appellant.

(309 S. E. (2d) 749)

*Clyde C. Dean, Jr.*, Orangeburg, *for appellant.*

*Atty. Gen. T. Travis Medlock* and *Asst. Atty. Gen. Harold M. Coombs, Jr.*, Columbia, and *Sol. Norman E. Fogle*, Orangeburg, *for respondent.*

Nov. 28, 1983.

LITTLEJOHN, Justice:

Appellant, Kenneth Kirven, was indicted and convicted of hindering a police officer in violation of *S. C. Code Ann.* § 16-5-50 (1976). On appeal, he argues this statute is inapplicable to the facts of this case, and that the trial court erred in failing to grant a directed verdict. We agree and reverse.

On October 10, 1982, Jacob Thomas of the Orangeburg County Sheriff's Department responded to a call involving a disturbance at the Silver Eagle, a local nightclub. Upon reaching the Silver Eagle, he was directed across the street to Appellant's Exxon Service Station where several people were assembled.

During Officer Thomas' investigation of the disturbance, the Appellant's son, Jimmy Kirven, struck the Officer. Officer Thomas was attempting to place the younger Kirven under arrest for assault, when the father (Appellant) stepped between them, stating, "Let me talk with him. Let me talk with him. I can handle him." Officer Thomas then placed Appellant under arrest for interfering with a police officer.

The indictment charged Kenneth Kirven with a violation of "Section 16-5-50, as amended, Code of Laws of South Carolina, 1976." That section provides:

> Any person who shall (a) hinder, prevent or obstruct any officer or other person *charged with the execution of any warrant or other process* issued under the provisions of this chapter in arresting any person for whose apprehension such warrant or other process may have been issued, (b) rescue or attempt to rescue such person from the custody of the officer or person or persons lawfully assisting him, as aforesaid, (c) aid, abet or assist any

person so arrested, as aforesaid, directly or indirectly, to escape from the custody of the officer or person or persons assisting him, as aforesaid, or (d) harbor or conceal any person for whose arrest a warrant or other process shall have been issued, so as to prevent his discovery and arrest, after notice or knowledge of the fact of the issuing of such warrant or other process, shall, on conviction for any such offense, be subject to a fine of not less than fifty nor more than one thousand dollars or imprisonment for not less than three months nor more than one year, or both, at the discretion of the court having jurisdiction. (Emphasis added.)

A necessary element of the crime under the statute is that the arresting officer must be charged with the execution of a warrant or other process at the time of the interference. This requirement distinguishes the statutory crime from common law interference with a police officer in the performance of his duty, with which Appellant might have been charged. Here, the State concedes no warrant had been issued and there is no evidence that the officer was charged with the execution of any other process.

The action of Appellant is not condoned. We simply hold that the statute under which the state proceeded is not applicable to the facts and a directed verdict should have been granted.

Reversed.

LEWIS, C. J., and NESS, GREGORY and HARWELL, JJ., concur.